UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| **HAROLD JEAN-BAPTISTE**<br>1605 NE 141st STREET<br>NORTH MIAMI FL 33181<br><br>**Plaintiff**<br><br>V.<br><br>**CITY OF NEW YORK,**<br>**MAYOR BILL DE BLASIO,**<br>**POLICE COMMISSIONER DERMOT F. SHEA**<br><br>City of New York,<br>Attn: Corporation Counsel,<br>100 Church St., 5 Fl.,<br>New York, NY 10007<br><br>**Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  COMPLAINT FOR DECLARATORY<br><br>AND INJUNCTIVE RELIEF |

1

**COMPLAINT IN NATURE FOR CONSTITUTIONAL 2nd AMENDMENT, 42 U.S.C. § 1983, 42 U.S.C. § 1986 VIOLATION FOR REFUSAL TO ISSUE GUN PERMIT BY NYPD.**

### NATURE OF ACTION

The plaintiff brings this action against New York City Police Department (NYPD) for suppressing the plaintiff's application (CB2021013251) for Carry Business Gun License.  The plaintiff filed a lawsuit in Federal Court for Allegations of Conspiracy to Murder and Kidnap against the Department of Justice and Federal Bureau of Investigations and share the complaint of profoundly serious violation of law with New York City Police Department License Division.  The NYPD department for Carry Business license instructed the plaintiff to share the 911 complaint and the U.S. District Court of the District of Columbia complaint and stated the application would be expedited quickly.  The plaintiff has called the department and left a message every day for 3 weeks and no one response to the plaintiff messages or calls. Plaintiff bring this action individually and on behalf of himself against New York City Police Department (NYPD) who purposely suppress the plaintiff application for gun license and proof of urgency was provided. Plaintiff is requesting the court to intervene and look at the proof of urgency for Gun License and order the NYPD to expedite the application for approval under Secure Ammunition and Firearms Enforcement (SAFE) Act.  Plaintiff background and history comply to all criteria for approval of Business Carry gun permit.

### JURISDICTION AND VENUE

1. Jurisdiction is proper in this court in that the district courts have original jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3–4), and over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), because they arise under the laws of the United States and are brought to the court to provide Injunction Relief for Gun License and deprivation of Civil Rights.  This Court has the authority to confer the declaratory and injunctive relief Plaintiff seeks under 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 1983, and under Rule 57 of the Federal Rules of Civil Procedure.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to Plaintiff's claims arose in the Southern District of New York. district.

3. Plaintiff have exhausted administrative remedies prior to bringing this suit. The plaintiff requested the court to provide Injunction Relief for Gun License full and stop deprivation of Civil Rights and to obtain a business to carry Gun license and Constitution 2nd Amendment keep and bear Arms, shall not be infringed. All attempts to resolve the matter has been exhausted, hence why this lawsuit has been filed again NYPD requesting the court to resolve this matter.

4. City of New York is sued herein in his official capacity.

5. Plaintiff Harold Jean-Baptiste, a is a resident of the state of New York.

**FACTUAL BACKGROUND**

6. On August 27, 2021
    a. The plaintiff applied with the New York City Police Department License Division for application for Carry Business Handgun License. The plaintiff submitted all the necessary document for approval and provide the reason for the Gun License.  The plaintiff call (646-610-5560) New York City Police Department License Appeal Unit and spoke with April Cohen about the urgent need for the gun permit.  The plaintiff stated that two potential kidnapping attempts occurred in a matter of few weeks and stated the plaintiff sued the FBI and won the case by Default Judgement case number # 21-CV-0242 which is waiting for Final Judgement in DC Appeal Court now.  As a result of the Default Judgment, retaliation by the FBI was made to harm the plaintiff.  The plaintiff filed a lawsuit as a result of the potential kidnapping in U.S. District Court for the District of Columbia alleging very profoundly serious violation of law case number #21-CV-2221.  The plaintiff followed April Cohen of New York City Police Department License Appeal Unit to file 911 complaint and share the lawsuit in U.S. District Court for the District of Columbia for fast approval.

7. September 17, 2021

    c. The plaintiff called and left April Cohen of New York City Police Department License Appeal Unit messages for 20 days to check the status of the application and the plaintiff's life was at risk because of past kidnap experience. Despite all the evidence submitted and the federal case in U.S. Court for the District of Columbia no response to the plaintiff messages and urgent need for handgun license.

### THE UNLAWFUL PRACTICES

8. The defendants instructed the plaintiff to follow all protocol for a handgun license and purposely and willfully have not approve the handgun license despite the proof of urgent need. NYPD has positioned the plaintiff to have his life at risk by not approving the application for handgun license. The denial of the handgun license violates the plaintiff's 2 Amendment rights and deprivation of rights. The defendant violated Constitutional 2 Amendment rights ,42 U.S. Code § 1983, 42 U.S. Code § 1986.

### THE PLAINTIFFS BACKGROUND

9. Plaintiff Harold Jean-Baptiste a small business owner, who graduated cum laude from Long Island University with Bachelor's in Information System, Summa Cum Laude, MBA in Finance Magna Cum Laude from Long Island University and Juris Doctorate Student at University of Baltimore.

### VIOLATION OF LAW

10. The defendant New York City Police Department violated plaintiff right under the 2nd Amendment to bear arms, violation of Constitutional 2nd Amendment rights to keep and bear arms.

11. The Google LLC neglect to prevent illegal activity or deprivation rights, privileges, or protected by Federal Laws of the United States, direct violation of 42 U.S. Code § 1986.

12. The Google LLC willfully and negligently conspire to interfere with civil rights, deprivation rights, privileges, or protected by the Constitution or Laws of the United States, direct violation of 42 U.S. Code § 1983.

**Conclusion:**

Plaintiff have experienced severe and pervasive unfair treatment which a reasonable person would tolerate. WHEREFORE, Plaintiff request that the court to execute a full fact-finding review, since August 27, 2021 of adverse action on the plaintiff, which was subjected to an unfair treatment, suffered severe emotional distress because of the cruel intention.  New York City Police Department is liable for these actions against the plaintiff willfully and negligently, lack of Care of Duty and violating Constitutional Civil Rights Laws and Federal Statutes. The plaintiff file suit to resolve this matter and obtain a handgun license because his life is at risk.

**PRAYER FOR RELIEF**

Plaintiffs request relief as follows:
a. Issue a Declaratory Judgment against New York City Police Department violate Constitutional 2nd Amendment, 42 U.S.C. § 1983, 42 U.S.C. § 1986, Negligent, and lack Care of Duty for the plaintiff safety.

b. Order the New York City Police Department approve the handgun license base on the fact the plaintiff life is at risk.

c. Award damages for distress for the plaintiff based on the fact the actions of the defendant place the plaintiff life at risk.

d. Award any Attorneys' fees according to proof.

e. Provide such other relief as may be deemed just and Prop.

Respectfully Submitted

/s/*Harold Jean-Baptiste*

5

_____

Harold Jean-Baptiste
253-37 148 Drive
Rosedale NY 11422

E-Mail: hbaptiste@influctec.com
786-657-8158 Cell