UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **HAROLD JEAN-BAPTISTE**<br>1605 NE 141st STREET<br>NORTH MIAMI FL 33181<br><br>**Plaintiff**<br><br>V.<br><br>**CITY OF NEW YORK,**<br>**MAYOR BILL DE BLASIO,**<br>**POLICE COMMISSIONER DERMOT F. SHEA**<br><br>City of New York,<br>Attn: Corporation Counsel,<br>100 Church St., 5 Fl.,<br>New York, NY 10007<br><br>**LETITIA ANN "TISH" JAMES**<br>**Attorney General for the State of New York**<br><br>Office of the Attorney General of New York<br>The Capitol<br>Albany, NY 12224-0341<br><br>Office of the Attorney General of New York<br>28 Liberty St<br>New York, NY 10005<br><br>**Defendants** | **Case: 21-CV-7876 (ALC)**<br><br>COMPLAINT FOR DECLARATORY<br><br>AND INJUNCTIVE RELIEF |

1

**COMPLAINT IN NATURE FOR CONSTITUTIONAL 2nd AMENDMENT, 42 U.S.C. § 1983, 42 U.S.C. § 1986, ARTICLE 400 LICENSING AND OTHER PROVISIONS RELATING TO FIREARMS VIOLATION FOR REFUSAL TO ISSUE GUN PERMIT BY NYPD.**

**NATURE OF ACTION**

The plaintiff brings this action against New York City Police Department (NYPD) for suppressing the plaintiff's application (CB2021013251) for Carry Business Gun License.  The plaintiff filed a lawsuit in Federal Court for Allegations of Conspiracy to Murder and Kidnap against the Department of Justice and Federal Bureau of Investigations and share the complaint of profoundly serious violation of law with New York City Police Department License Division.  The NYPD department for Carry Business license instructed the plaintiff to share the 911 complaint and the U.S. District Court of the District of Columbia complaint and stated the application would be expedited quickly.  The plaintiff has called the department and left a message every day for 3 weeks and no one response to the plaintiff messages or calls. Plaintiff bring this action individually and on behalf of himself against New York City Police Department (NYPD) who purposely suppress the plaintiff application for gun license and proof of urgency was provided. According to Section 400.00 (4) it states clearly finger print cards will used for background check and the plaintiff mailed the finger prints to Officer Richard DeRiggs to process because of the attempted kidnapping in the NYC park, file in the complaint in Federal Court (Case #21-CV-2221) the plaintiff can't travel because his life was at risk.  Officer Richard DeRiggs purposely did not process the application, despite all the material was submited.  Plaintiff is requesting the court to intervene and look at the proof of urgency for Gun License and order the NYPD to expedite the application for approval under Secure Ammunition and Firearms Enforcement (SAFE) Act, and ARTICLE 400 Licensing and Other Provisions Relating to Firearms.  Plaintiff background and history comply to all criteria for approval of Business Carry gun permit, and NYPD actions violate ARTICLE 400 (4) and the plaintiff 2nd amendment rights granted by the constitutional.

**JURISDICTION AND VENUE**

2

1. Jurisdiction is proper in this court in that the district courts have original jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3–4), and over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), because they arise under the laws of the United States and are brought to the court to provide Injunction Relief for Gun License and deprivation of Civil Rights.  This Court has the authority to confer the declaratory and injunctive relief Plaintiff seeks under 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 1983, and under Rule 57 of the Federal Rules of Civil Procedure.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to Plaintiff's claims arose in the Southern District of New York. district.

3. Plaintiff have exhausted administrative remedies prior to bringing this suit. The plaintiff requested the court to provide Injunction Relief for Gun License full and stop deprivation of Civil Rights and to obtain a business to carry Gun license and Constitution 2nd Amendment to keep and bear arms, shall not be infringed. All attempts to resolve the matter has been exhausted, hence why this lawsuit has been filed again NYPD requesting the court to resolve this matter.

4. City of New York is sued herein in his official capacity.

5. Plaintiff Harold Jean-Baptiste, a is a resident of the state of New York.

**FACTUAL BACKGROUND**

6. On August 27, 2021
    a. The plaintiff applied with the New York City Police Department License Division for application for Carry Business Handgun License. The plaintiff submitted all the necessary document for approval and provide the reason for the Gun License.  The plaintiff call (646-610-5560) New York City Police Department License Appeal Unit and spoke with April Cohen about the urgent need for the gun permit.  The plaintiff stated that two potential kidnapping attempts occurred in a matter of few weeks and stated the plaintiff sued the FBI and won the case by Default Judgement case number # 21-CV-0242 which is

3

waiting for Final Judgement in DC Appeal Court now. As a result of the Default Judgment, retaliation by the FBI was made to harm the plaintiff. The plaintiff filed a lawsuit as a result of the potential kidnapping in U.S. District Court for the District of Columbia alleging very profoundly serious violation of law case number #21-CV-2221. The plaintiff followed April Cohen of New York City Police Department License Appeal Unit to file 911 complaint and share the lawsuit in U.S. District Court for the District of Columbia for fast approval.

7. September 17, 2021

    c. The plaintiff called and left April Cohen of New York City Police Department License Appeal Unit messages for 20 days to check the status of the application and the plaintiff's life was at risk because of past kidnap experience. Despite all the evidence submitted and the federal case in U.S. Court for the District of Columbia no response to the plaintiff messages and urgent need for handgun license.

8. November 2, 2021 at 11:08 am

    a. The plaintiff stated to Officer Richard DeRiggs via email according to Section 400.00 (4) the finger prints was mailed to his office as to comply to Section 400.00 (4) as it states clearly, *"Two copies of such fingerprints shall be taken on standard fingerprint cards eight inches square, and one copy may be taken on a card supplied for that purpose by the federal bureau of investigation; provided, however, that in the case of a corporate applicant that has already been issued a dealer in firearms license and seeks to operate a firearm dealership at a second or subsequent location, the original fingerprints on file may be used to ascertain any criminal record in the second or subsequent application unless any of the corporate officers have changed since the prior application, in which case the new corporate officer shall comply with procedures governing an initial application for such license finger prints will used for background check".* The plaintiff email Office Richard DeRiggs,

    "I'm pretty sure the office of your headquarter know that my life is risk base on

4

the U.S Court for District of Columbia Federal complaint and so sorry to say this but unfortunately NYPD can't be trust to protect my life or would not stop any illegal actions against me by the defendants.

The finger prints has been mailed to your office and please see the attachment to confirmed delivery.

As stated before not in a life time I will ever trust or visit the NYPD office. I'm pretty you can understand my reasoning.

Please let me know if you will issue the license or any other documents you need to finalize the process.

Please communicate if you will or will not process the application for hand gun license.  If not I will ask the U.S Court for the District of Southern New York to issue the license.

Once again sir I'm sure you're a wonderful officer and would protect my life against any illegal activity base on you oath taken, but can't say the same for other officers.  I really appreciate you in this process."

Officer Richard DeRiggs purposely and willfully ignore Section 400.00 (4) requirement for finger print cards and denied the application of the gun permit.

9. November 3, 2021 9:40am

   a. Officer Richard DeRiggs, email the plaintiff and stated,

   "On 2021-11-03 09:40, DERIGGS, RICHARD wrote:

   > Hello Mr Baptiste all I am trying to accomplish is the fingerprinting portion of the application process, which has to be completed in person at 1 Police Plaza. Your prints a captured on a Livescan machine and transmitted electronically to Albany.
   >
   > I am not the investigator on the application, this person gets assigned after the completion of the fingerprint process.

5

> Any prints mailed to the license Division will not be accepted.
> You can have your Attorney accompany you to 1 Police Plaza on the day of your appointment.
>
> PO DeRiggs, Richard
> New York City Police Department

Officer refuse to process the application despite Section 400.00 (4) state clearly finger print cards are required for background check. Officer Richard DeRiggs actions was deliberate and will fully wanted to deny the plaintiff 2nd Amendment right to bear arms and violation of Section 400.00 (4).

10. November 3, 2021

    a. The email Officer Richard DeRiggs to process the application and stated,

    "Sorry Sir not in a life time I would visit that office, I will ask the court to intervene.

    I don't trust NYPD with my life and you have seen the complaint in Federal court, the 33 precinct knew the people that could of kidnap me in the park. The women who was my witness was an FBI agent sent to get me out my house to set me up.

    If did a crime or conspiracy to commit a crime I'm sure you would have had NYPD up on my neck with charges.

    Most importantly kick me out the precinct with hands on their guns to file a complaint of kidnapping. You tell me how you would feel about that.

    I will wait for the court to issue the injunction to this illegal order to hurt my life.

    Thank you for your help, I will ask the court to rule on this.
    Harold"

6

11. November 3, 2021

    a. Officer Richard DeRiggs stated he would mail plaintiff back the finger print cards and the plaintiff stated to hold them so the court can request the gun permit to be process according to ARTICLE 400 Licensing and Other Provisions Relating to Firearms.

        "Please hold it so the judge can make the decision.

        On 2021-11-03 15:08, DERIGGS, RICHARD wrote:

        Ok, Your prints will be mailed back to you upon receipt.

        PO DeRiggs, Richard
        New York City Police Department"

**THE UNLAWFUL PRACTICES**

8. The defendants instructed the plaintiff to follow all protocol for a handgun license according to ARTICLE 400 Licensing and Other Provisions Relating to Firearms and purposely and willfully have not approve the handgun license despite the proof of urgent need. NYPD has positioned the plaintiff to have his life at risk by not approving the application for handgun license. The denial of the handgun license violates the plaintiff's 2 Amendment rights to bear arms, violate Section 400 (4) and deprivation of rights. The defendant violated the plaintiff Constitutional 2nd Amendment rights, ARTICLE 400 Licensing and Other Provisions Relating to Firearms, 42 U.S. Code § 1983, 42 U.S. Code § 1986.  The 2nd Amendment states clearly the right to bear arms for your safety, the difficult process to bear arms with a gun license by Officer Richard DeRiggs and ARTICLE 400 Licensing and Other Provisions Relating to Firearms put the plaintiff life as risk, the 2nd Amendment states "being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed".  The judgement of Officer Richard DeRiggs and ARTICLE 400 Licensing and Other Provisions Relating to Firearms created difficult hurdles to obtain a gun license, which violate the 2nd Amendment Right to bear arms and is Un-Constitutional.  Not providing any other

method to obtain the license outside of physical visit to the Headquarter of the NYPD to process finger print cards for applicant whose life is at risk or lack of financial mean to pay for travel or sick or injured, ARTICLE 400 Licensing and Other Provisions Relating to Firearms the law creates a scenario that infringe on the plaintiff 2nd Amendment Right to bear arms, therefore is Un-Constitutional.

### THE PLAINTIFFS BACKGROUND

9. Plaintiff Harold Jean-Baptiste a small business owner, who graduated cum laude from Long Island University with Bachelor's in Information System, Summa Cum Laude, MBA in Finance Magna Cum Laude from Long Island University and Juris Doctorate Student at University of Baltimore.

### VIOLATION OF LAW

10. The defendant City of New York and New York City Police Department and Section 400 violated plaintiff right under the 2nd Amendment to bear arms freely, it violates the Constitutional 2nd Amendment rights to keep and bear arms freely and the process is using by ARTICLE 400 Licensing and Other Provisions Relating to Firearms is Un-Constitutional.

11. The City of New York and New York City Police Department neglect to prevent illegal activity or deprivation rights, privileges, or protected by Federal Laws of the United States, direct violation of 42 U.S. Code § 1986.

12. The City of New York and New York City Police Department willfully and negligently conspire to interfere with civil rights, deprivation rights, privileges, or protected by the Constitution or Laws of the United States, direct violation of 42 U.S. Code § 1983.

**Conclusion:**

Plaintiff have experienced severe and pervasive unfair treatment which a reasonable person would tolerate. WHEREFORE, Plaintiff request that the court to execute a full fact-finding review, since August 27, 2021 of adverse action on the plaintiff, which was subjected to an

8

unfair treatment, suffered severe emotional distress because of the cruel intention. New York City Police Department is liable for these actions against the plaintiff willfully and negligently, lack of Care of Duty and violating Constitutional Civil Rights Laws and Federal Statutes. The plaintiff file suit to resolve this matter and obtain a handgun license because his life is at risk.

**PRAYER FOR RELIEF**

Plaintiffs request relief as follows:

a. Issue a Declaratory Judgment against City of New York and New York City Police Department, ARTICLE 400 Licensing and Other Provisions Relating to Firearms violate Constitutional 2nd Amendment, 42 U.S.C. § 1983, 42 U.S.C. § 1986, Negligent, and lack Care of Duty for the plaintiff safety.

b. Order the City of New York and New York City Police Department approve the handgun license by mail base on the fact the plaintiff life is at risk therefore can't travel alone.

c. Award damages for distress for the plaintiff based on the fact the actions of the defendant place the plaintiff life at risk.

d. Award any Attorneys' fees according to proof.

e. Provide such other relief as may be deemed just and Prop.

Respectfully Submitted

/s/*Harold Jean-Baptiste*

_____

Harold Jean-Baptiste
253-37 148 Drive
Rosedale NY 11422

E-Mail: hbaptiste@influctec.com
786-657-8158 Cell

9